UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JESSICA BEELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PINNACLE CREDIT SERVICES, LLC, a Minnesota corporation,<br><br>Defendant. | No.<br><br>**COMPLAINT — CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

Plaintiff Jessica Beell brings this class action against Defendant Pinnacle Credit Services, LLC to stop Defendant's practice of making unsolicited phone calls to the cellular telephones of consumers nationwide and to obtain redress for all persons subjected to this conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including based on investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1. Defendant Pinnacle Credit Services, LLC is debt collector working in conjunction with such retailers as Verizon.

2. In its collection efforts, Defendant engages in unlawful and unfair debt collection

COMPLAINT — CLASS ACTION  - 1 -

1  practices, including harassing borrowers with excessive and verbally abusive telephone calls at
2  all hours of the day.

3      3.    Defendant repeatedly made (or directed to be made on its behalf) unsolicited
4  telephone calls to Plaintiff's and the other putative Class members' cellular telephones in
5  violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

6      4.    Neither Plaintiff Beell, nor the other members of the Class, ever provided the
7  cellular telephone numbers on which they received calls to Defendant for any purpose, nor did
8  they consent to have Defendant make telephone calls to those telephone numbers.

9      5.    By making the telephone calls at issue in this Complaint, Defendant caused
10 Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that
11 necessarily accompanies the receipt of unsolicited and harassing telephone calls, and the monies
12 paid to their wireless carriers for the receipt of such telephone calls.

13     6.    The TCPA was enacted to protect consumers from unsolicited phone calls exactly
14 like those alleged in this case. Defendant made these calls despite that neither Plaintiff Beell nor
15 the other members of the Class ever provided their cellular telephone numbers to Defendant or
16 any other entity for any purpose related to a debt, and never provided Defendant consent to be
17 called on their cellular telephones.

18     7.    Plaintiff seeks an injunction requiring Defendant to cease all unsolicited wrongful
19 telephone calling activities and an award of statutory damages to the members of the Class under
20 the TCPA, together with reasonable attorneys' fees, expenses, and costs.

21 **PARTIES**

22     8.    Plaintiff Jessica Beell is a natural person and citizen of the State of Washington.

23     9.    Defendant Pinnacle Credit Services, LLC is a corporation organized and existing
24 under the laws of the State of Minnesota with its principal place of business at 7900 Hwy 7,
25 St. Louis Park, Minnesota 55426. Pinnacle Credit Services does business throughout the United
26 States, the state of Washington, and in this District.

27

COMPLAINT — CLASS ACTION     - 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

**JURISDICTION AND VENUE**

10. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant systematically and continuously transacts significant amounts of business within this state and this District, including making telephone calls to consumers located in this District.

**COMMON FACTUAL ALLEGATIONS**

12. Defendant placed and continues to place repeated and harassing phone calls to consumers who allegedly owe a debt held by Defendant, or held by a third party on whose behalf Defendant is acting, and who never provided the number called to Defendant or the third party. Instead, Defendant acquires phone numbers through various means such as "skip tracing" or "number trapping."

13. Defendant has placed calls for the purpose of debt collection to tens of thousands of consumers in the recent past.

14. In or around 2002, Plaintiff purchased a cellular telephone from Verizon. The cellular telephone did not work properly and, within one month of her purchase, Plaintiff returned the phone and did not purchase another.

15. In or around 2012, a debt of $1,026 appeared on Plaintiff's credit report from Verizon. This debt incorrectly stems from Plaintiff's 2002 Verizon purchase. Plaintiff does not owe any money to Verizon associated with her purchase of a cellular telephone.

16. Approximately three months after Plaintiff noticed the debt on her credit report, the debt became associated with Pinnacle Credit Services instead of Verizon.

17. In or around November 2012, Defendant placed at least five calls to Plaintiff's current cellular telephone for the purpose of trying to collect the alleged debt.

COMPLAINT — CLASS ACTION - 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

18.     Plaintiff never provided her current telephone number to Defendant or Verizon, never consented to receive telephone calls from Defendant or Verizon at that number, did not provide that telephone number when she purchased a phone from Verizon, and did not provide that telephone number to Defendant or Verizon in any other capacity at the time provided Plaintiff received the phone and allegedly incurred the debt.  Plaintiff's current telephone number—i.e., the one on which she received the calls by or on behalf of Defendant—is not the one she was assigned in connection with her purchase of a cellular telephone from Verizon in or around 2002.

19.     The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.  Additionally, Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which calls are placed by a machine and, when a consumer answers the phone, there is a noticeable pause prior to being connected to a live representative of Defendant.  This technology, on information and belief, dials several numbers simultaneously and connects the call to only those who answer first.

20.     Defendant was and is aware that the above described telephone calls were and are being made to consumers without those consumers' prior express consent.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action pursuant to Rule 23(a) and 23(b)(2) and (b)(3) on behalf of herself and a class (the "Class") defined as follows:

> All individuals in the United States who received a telephone call, made by or on behalf of Defendant, on a cellular telephone number that the call recipient did not provide directly to Defendant or a third party lender, creditor, or retailer at the time he or she allegedly incurred the debt underlying the telephone call, and whose claims are not barred by an applicable statute of limitations.

COMPLAINT — CLASS ACTION       - 4 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

22. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to tens of thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

23. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

24. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

25. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) whether Defendant's conduct constitutes a violation of the TCPA;
   (b) whether the equipment Defendant used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;
   (c) whether Defendant systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls;
   (d) whether Class members are entitled to treble statutory damages based on the willfulness or knowingness of Defendant's conduct.

26. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages and/or statutory

COMPLAINT — CLASS ACTION - 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. For example, proof that Defendant's equipment constitutes an automatic telephone dialing system within the meaning of 47 U.S.C. § 227(b)(1)(A) could require expert analysis costing more than likely individual recovery. Thus, it is infeasible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## COUNT I

### Violation of the TCPA, 47 U.S.C. § 227

### (on behalf of Plaintiff and the Class)

27. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28. Defendant and/or its agents made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class without their prior express consent to receive such calls.

29. Defendant made the telephone calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

30. Defendant and its agents utilized equipment that made, or had made on its behalf, the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1    31.     By making, or having made on its behalf, the unsolicited telephone calls to
2  Plaintiff and the Class's cellular telephones without prior express consent, and by utilizing an
3  automatic telephone dialing system, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).
4    32.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the
5  Class suffered actual damages in the form of monies paid to receive the unsolicited telephone
6  calls on their cellular phones and, under 47 U.S.C. § 227(b)(3)(B) are each entitled to, *inter alia*,
7  a minimum of $500 in damages for each such violation of the TCPA.
8    33.     Should the Court determine that Defendant's conduct was willful and knowing,
9  the Court may, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages
10 recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

Plaintiff Jessica Beell, individually and on behalf of the Class, requests the following relief:

A.   An order certifying the Class as defined above, appointing Plaintiff Jessica Beell as the representative of the Class, and appointing her counsel as Class Counsel;

B.   An award of the greater of actual and statutory damages for each violation;

C.   An injunction requiring Defendant to cease all wrongful unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

D.   An award of reasonable attorneys' fees, expenses, and costs; and

E.   Such other and further relief that the Court deems just or equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated:  January 8, 2013.          Respectfully submitted,

By: *s/ Cliff Cantor*
Cliff Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98704-7033

COMPLAINT — CLASS ACTION   - 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1  Tel:  (425) 868-7813
   Fax:  (425) 732-3752
2  Email: cliff.cantor@comcast.net

3  Jay Edelson*
   Rafey S. Balabanian*
4  Benjamin H. Richman*
   Christopher Dore*
5  EDELSON MCGUIRE LLC
   350 N. LaSalle St., Ste. 1300
6  Chicago, IL 60654
7  Tel:  (312) 589-6370
   Email: jedelson@edelson.com
8          rbalabanian@edelson.com
           brichman@edelson.com
9          cdore@edelson.com

10 D. Frank Davis*
11 John E. Norris*
   DAVIS & NORRIS LLP
12 The Bradshaw House
   2154 Highland Ave. S.
13 Birmingham, AL 35205
14 Tel:  (205) 930-9900
   Email: fdavis@davisnorris.com
15         jnorris@davisnorris.com

16 Attorneys for Plaintiff

17

18

19

20

21 * applications for admission *pro hac vice* to be filed

22

23

24

25

26

27

COMPLAINT — CLASS ACTION   - 8 -   LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870